**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | **4/17/15** | Docket #: | **15-11491** |
| Debtor: | **Dominic J. Civiello, Jr.** | Co-Debtor: | |
| SS#: | **xxx-xx-4052** | SS#: | |
| Address: | **41 Oneida Street**<br>**Lynn, MA 01902** | Address: | |
| Debtor's Counsel: | **Christopher Brine** | | |
| Address: | **18 Commerce Way, Suite 2850**<br>**Woburn, MA 01801** | | |
| Telephone #: | **(617) 830 1795** | | |
| Facsimile #: | **(617) 830 1576** | | |

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## PRE-CONFIRMATION CHAPTER 13 PLAN

### CHAPTER 13 PLAN

Docket No.: **15-11491**

DEBTOR(S):  (H)  **Dominic J. Civiello, Jr.**            SS#  **xxx-xx-4052**

            (W)                                          SS#

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **350.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☒ 60 Months.  11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

A 60 month plan is needed for Debtor to afford repayment of his mortgage arrears                ;or

☐ **0** Months. The Debtor states as reasons therefore:


## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Salem Five Mortgage Company, LLC** | **Pre-petition arrears** | $ **16,000.00** |
| **City of Lynn** | **Water/Sewer Usage** | $ **800.00** |
| Total of secured claims to be paid through the Plan | | $ **16,800.00** |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Salem Five Mortgage Company, LLC** | **Mortgage** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

    iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** | **2013 Income Tax** | $ **70.00** |
| **Massachusetts Dept. of Revenue** | **2013 Income Tax** | $ **457.00** |

Total of Priority Claims to Be Paid Through the Plan $ **527.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **1.63** % of their claims.

A. General unsecured claims: $ **35,158.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C): $ **35,158.00**

D. Multiply total by percentage: $ **573.00**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ___%         $               0.00

## VI.  OTHER PROVISIONS

    A.  Liquidation of assets to be used to fund plan: **None**

    B.  Miscellaneous provisions:

**1. Holders of allowed secured claims must apply all post-petition payments received directly from the Debtor(s) to post-petition obligations in accordance with the terms of the note and security instrument, and in accordance with applicable non-bankruptcy law. No holder of an allowed secured claim may assess any penalty or late charge in respect of a post-petition payment made directly to such holder on the basis that the Debtor(s) was/were, or are alleged to have been, in default under the terms of the note and security instrument on the date the petition in this case was filed.**

**2. Holders of allowed secured claims must apply all payments received from the Chapter 13 Trustee to cure pre-petition defaults.**

**3. Post-petition payments made directly to a servicer of an allowed secured claim will be deemed timely made in the correct amount if actually received on or before the due date, including any grace period during which no late fee accrues, at the address, and in the amount, most recently specified in writing by the servicer.**

**4. No servicer of an allowed secured claim may seek to recover any deficiency alleged to exist in an escrow account (as the terms "deficiency" and "escrow account" are defined in 24 C.F.R. § 3500.17(b)) on the petition date otherwise than by filing or amending a proof of claim to assert such deficiency as a pre-petition arrearage. Such servicer may nonetheless state the amount of any alleged deficiency in any escrow account statement furnished to the Debtor(s) without thereby being deemed to have violated this provision or 11 U.S.C. § 362(a).**

**5. This is a pot plan in which the total of all payments in respect to the unsecured creditors is a constant amount for which the holders of allowed unsecured claims shall be paid. The percentage dividend stated in this plan is an estimate based on the potential claims currently known to Debtor and is neither an admission of liability nor does it govern the amount of payment to be made to allowed unsecured claims. General unsecured claimants are advised that that they may receive more or less than the percentage dividend stated in this plan.**

**VII. CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| A) Secured claims (Section I-A Total): | $ | 16,800.00 |
| B) Priority claims (Section II-A&B Total): | $ | 527.00 |
| C) Administrative claims (Section III-A&B Total): | $ | 1,000.00 |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | 573.00 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 18,900.00 |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 21,000.00 |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,    60  months

I. Round up to nearest dollar for Monthly Plan Payment:    $    350.00

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII. LIQUIDATION ANALYSIS**

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---:|---:|
| **Residence located at 41 Oneida Street, Lynn, Massachusetts** | $ 241,100.00 | $ 165,261.00 |

| | | |
|---|---|---:|
| Total Net Equity for Real Property: | $ | 75,839.00 |
| Less Exemptions (Schedule C): | $ | 75,839.00 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

**2009 Honda Pilot with approximately 85,000 miles**    Value $  13,475.00   Lien $  0.00   Exemption $  13,000.00

| | | |
|---|---|---:|
| Total Net Equity: | $ | 13,475.00 |
| Less Exemptions (Schedule C): | $ | 13,000.00 |
| Available Chapter 7: | $ | 475.00 |

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

**Checking Account at Salem Five**
**Savings Account at Salem Five**
**Miscellaneous household goods, furniture, appliances, electronics, tools, etc.**
**Clothing**
**Jewelry, including wedding ring**
**Guitars and music equipment**
**Potential interest in 1/2 share of father's stock. Debtor anticipates that this potential asset will be worth, at most, a few hundred dollars.**

| | | |
|---|---|---:|
| Total Net Value: | $ | 9,867.29 |
| Less Exemptions (Schedule C): | $ | 9,867.29 |
| Available Chapter 7: | $ | 0.00 |

D.  Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $    **475.00**

E.  Additional Comments regarding Liquidation Analysis:

## IX.  SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Christopher Brine**　　　　　　　　　　　　　　　　**May  7, 2015**
**Christopher Brine**　　　　　　　　　　　　　　　　　　Date
Debtor's Attorney
Attorney's Address:  **18 Commerce Way, Suite 2850**
　　　　　　　　　　**Woburn, MA 01801**
　　　　Tel. #:　　**(617) 830 1795 Fax:(617) 830 1576**
　　Email Address:　**cbrine@culiklaw.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **May  7, 2015**　　　　　　　　Signature  **/s/ Dominic J. Civiello, Jr.**
　　　　　　　　　　　　　　　　　　　　　　　　　　**Dominic J. Civiello, Jr.**
　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor